IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PENNY LYNN BOOTH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-689-W ) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for benefits under the Social Security Act. This matter was referred for hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and Fed. R. Civ. P. 72(b). The administrative record (Tr.) has been filed, and the appeal has been fully briefed and is ready for disposition. For the reasons set forth below, the undersigned recommends the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

## I. THE ALJ'S DECISION.

In a decision issued on October 21, 2011, the administrative law judge (ALJ) found that Plaintiff was not disabled under the Social Security Act and therefore not entitled to benefits. (Tr. 12-21). The ALJ found Plaintiff has the severe impairments of degenerative disc disease and depression. (Tr. 14). The ALJ found that Plaintiff had other impairments that were not severe: restless leg syndrome; Meniere's Disease; COPD, and asthma. (Tr. 14-15). The ALJ found that none of Plaintiff's severe impairments met or equaled the criteria for any of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 15). Upon continuing the sequential analysis, the ALJ found Plaintiff to have the residual functional capacity (RFC) to perform a range of semi-skilled light work, but is limited in her inability to interact with the general public. (Tr.16).

Based upon this RFC finding, the ALJ found that Plaintiff was not capable of performing her past relevant work as waitress (light, semi-skilled) or a janitor (medium, unskilled). (Tr. 20). However, at step five the ALJ found that she could perform other jobs existing in the national economy. (Tr. 20). In reaching this alternative finding, the ALJ relied on the testimony of a vocational expert (VE) and, as a framework, the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. (Tr. 20-21). The VE identified the following representative jobs that a person with Plaintiff's RFC and vocational factors could perform: fruit cutter, route clerk, and syphon operator. (Tr. 21).

## II.     ERRORS ALLEGED ON APPEAL

In this appeal, Plaintiff alleges that the ALJ erred in two respects; that the ALJ did not give proper weight to the treating physician's opinion, and that the ALJ erred in evaluating her pain and the RFC assessment to perform full time work.

### A. Treating Physician Rule

First, Plaintiff contends that Plaintiff's primary disability stems from her degenerative disc disease. ECF No. 10:5. Following a laminectomy, foraminotomy, and fusion at L5/S1, Plaintiff sought treatment from three physicians for pain management: Dr. Ahmed Amayen, Dr. David Ellis, and the Oklahoma Sports Science and Orthopedic Spine Center. *Id.* at 4-6. Plaintiff contends that the ALJ failed to discuss whether to give the opinion of treating physician, Dr. Ellis, controlling weight. ECF No. 10:6-7. She further contends that if the ALJ failed to give controlling weight to her treating physician, he still did not give the opinion deference or weigh it using the factors provided in 20 C.F.R. § 416.927 and SSR 96-2p. *Id.* Plaintiff contends that the ALJ used boilerplate language that the "medical record ... fails to support the claimant's allegations of ongoing and disabling symptoms," but did not determine whether the opinion of treating physician Dr. Ellis was entitled to controlling weight. *Id.* at 7. Furthermore, Plaintiff contends that the ALJ did not make clear how much weight was assigned to the opinion of Dr. Ellis.[1] *Id.*

---

[1] Plaintiff also alleges that the ALJ did not give proper consideration to the opinions of the Oklahoma Sports Science and Orthopedic Spine Center; this is in connection with her claim that the ALJ did not provide a complete analysis of her credibility with regard to her allegations of disabling pain.

In response, the Commissioner claims that even though the ALJ did not explicitly assign any weight to Dr. Ellis's findings of moderate to severe chronic pain, "it is clear in the ALJ's written decision that he afforded those findings little weight." ECF No. 11:5.

The undersigned is not persuaded that the ALJ followed the treating physician rule, or that the weight assigned to Dr. Ellis's opinion was otherwise "clear" from the written decision. The Tenth Circuit Court of Appeals has long recognized the proper analysis and legal standards for determining the weight to be given to the opinions of treating sources. When considering the opinion of an "acceptable medical source" such as Dr. Ellis, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. § 416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight. Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and his reasons must be closely tied to the factors specified in the regulations. *See Watkins,* 350 F.3d at 1301. Remand is required if the

ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart,* 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id .* at 1119. In applying these factors, the ALJ's findings must be "sufficiently specific to make clear

to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted). Although an ALJ should consider all of these factors, it is not necessary that he explicitly discuss every factor. *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007).

Although the Commissioner is correct that the ALJ did mention some of Dr. Ellis's findings, such as normal grip strength and stable gait, normal muscle bulk, symmetrical deep tendon reflexes, negative straight leg raising, and no muscle spasms, The ALJ omits Dr. Ellis's findings such as moderate tenderness of her thoracic and lumbosacral paraspinous muscles and moderate tenderness over her sciatic notches—worse on the left. (Tr. 524). He also found numbness over the dorsal aspect of her left foot and weakness in extension of the great toe. *Id.* Dr. Ellis's diagnoses were cervical post laminectomy syndrome and lumbar post laminectomy syndrome. *Id.* at 524-25. He prescribed and put her on oxycodone for pain relief. *Id.* at 525. Although the Commissioner claims that the ALJ also discussed findings from treatment at Oklahoma Sports Science and Orthopedic Spine Center, no such discussion appears in the decision. Had it been discussed, there seems to be nothing inconsistent with Dr. Ellis's findings regarding pain. In fact, it was found that Plaintiff suffered from neck pain, lumbar spondylosis without myelopathy, lumbrosacral neuritis or radiculitis, unspecified. (Tr. 589). Oklahoma Sports Science and Orthopedic Spine Center prescribed MS Oxcontin, and noted that pain did interfere with her daily activities. Less than a month later, her pain medication was again changed, noting problems from nausea and severe

6

side effects. It was also noted that lumbar medial branch blocks would be tried "to hopefully reduce pain and improve function." (Tr. 586).

In sum, while the assigned weight can in some cases be determined from the balance of the ALJ's decision, this is not such a case. On remand, the ALJ should clearly indicate how the treating physician rule was applied to the opinions of Dr. Ellis and the Oklahoma Sports Science and Orthopedic Spine Center.

### B. Pain and the RFC for Full-time Work

In her next claim of error, which is somewhat related to the first, Plaintiff claims that the ALJ noted that there were inconsistencies between the "written record" and her testimony. ECF No. 13:8-9. In urging this error, Plaintiff contends that an ALJ's credibility determination must be closely and affirmatively linked to substantial record evidence. *Id.* at 9. She claims that the ALJ's credibility finding does not meet that standard in light of all other evidence from the treating physician and her own testimony.

As her first example, the Plaintiff points to the ALJ's reliance on her activities of daily living as reflected in her application materials. She notes that the ALJ failed to mention that Plaintiff's stated daily activities, such as caring for her family and pets, shopping, cooking, and performing household chores, were performed with the assistance of her daughter. *Id.*

Next, she claims that other evidence relied upon was based upon her statutory onset date of April 16, 2010. *Id.* Finally, she argues that the ALJ ignored that her

7

credibility with regard to pain was bolstered consistently by doctor's notes of a severe pain condition. *Id* at 9-10. Plaintiff concludes that had these factors been considered, the evidence would have supported her claim of significant pain. In a proper pain analysis, Plaintiff argues that the ALJ should have considered how her pain affected her ability to work.

In support, Plaintiff cites *Carpenter v. Astrue,* 537 F.3d 1264 (10th Cir. 2008). In that case the court characterized the ALJ's purported pain analysis as improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence or explain how the claimant's repeated attempts to find relief from pain, and all the drugs she has been prescribed for pain, resulted in a conclusion that she is unlimited in any regard by pain or the side effects from her pain medication. *Carpenter,* 537 F.3d at 1268 (citing *Hardman v. Barnhart,* 362 F.3d 676, 679 (10th Cir. 2004)).

In response, the Commissioner argues that the ALJ was in the best position to assess Plaintiff's credibility, and that the medical evidence discussed by the ALJ did not support a finding that she suffered from disabling pain. The Commissioner also notes additional activities of daily living that she contends are inconsistent with such a finding. ECF No. 11:6-7.

The undersigned finds that although the ALJ properly relied on activities of daily living as a factor in deciding the limitations caused by pain, he did not indicate that some of those activities were performed with assistance. Primarily, the failure to include

any limitations related to pain in the RFC is flawed without a proper weighing of the medical evidence—particularly that from her treating medical sources. The medical records are replete with medical evidence consistently reflecting pain on the high end of the scale—even *with* the medications she was receiving. If the ALJ considered the effect of pain or of the side effects of the strong narcotic pain medications she took in reaching his RFC finding, such is not reflected in the decision.

Upon a thorough review of the administrative record, the briefs of the parties, and the authorities cited therein, the undersigned agrees with Plaintiff that the ALJ's decision does not reflect application of the legal standards applicable to treating physician evidence, and that his RFC finding is not supported by substantial evidence without a further analysis of the effect of pain on her ability to work.

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 22, 2014**. The parties are further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 8, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE