IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
SEP 2 3 2014
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

PENNY LYNN BOOTH, )
 )
Plaintiff, )
 )
vs. ) No. CIV-13-689-W
 )
CAROLYN W. COLVIN, Acting )
Commissioner, Social Security )
Administration, )
 )
Defendant. )

## ORDER

On August 25, 2014, the Court reversed the decision of the defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying the Application for Supplemental Security Income[1] filed by plaintiff Penny Lynn Booth and remanded the matter pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further administrative proceedings. See Doc. 15. Judgment was issued that same day. See Doc. 16.

The matter now comes before the Court on Booth's Motion for Payment of Attorney's Fees and Costs filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has responded that she has no objection to Booth's

---

[1] Compare Complaint (Commissioner relied upon improper legal standards in deciding that Booth was not entitled to disability insurance benefits), see Doc. 1 at 2; Motion for Payment of Attorney's Fees and Costs (administrative law judge determined Booth not entitled to disability insurance benefits), see Doc. 17 at 2, with Administrative Law Judge's Decision (denying claim for supplemental security income), see Doc. 8-2 at 13; Order of Appeals Council (affirming denial of claim for supplemental security income), see id. at 6; Plaintiff's Opening Brief (plaintiff applied for supplemental security income). See Doc. 10 at 2.

argument that she (Booth) is entitled to an award of legal fees or to the amount of fees Booth has requested. See Doc. 19.

Upon review of the record,[2] the Court finds that the Commissioner's position in this case was not substantially justified and that Booth, as the prevailing party, is entitled to an award of legal fees under the EAJA. The Court further finds that the work performed, the time expended and the resulting fees are reasonable under the circumstances and that the requested fees are properly documented. See Doc. 17-1.

Booth is therefore entitled to recover an award of attorney fees in the amount of $6,012.20 to compensate for attorney hours ((22.60 hours x $187.00) + (9.50 hours x $188.00))[3] expended in this matter.

Accordingly, the Court

(1) GRANTS Booth's Motion for Payment of Attorney's Fees and Costs [Doc. 17] filed on September 4, 2014;

(2) AWARDS Booth legal fees pursuant to the EAJA in the amount of $6,012.20;

(3) ORDERS the Commissioner to pay that amount to Booth, subject to offset for debts owed to the federal government, if any, in accordance with the United States Supreme Court's decision in Astrue v. Ratliff, 560 U.S. 586 (2010); and

---

[2]Although Booth has the right to file a reply, e.g., Rule 7.1(i), Rules of the United States District Court for the Western District of Oklahoma, the Court finds in the absence of any objection by the Commissioner that a reply would not be of material assistance in this matter.

[3]The legal work in this case was performed in 2013 and 2014. In the absence of any objection by the Commissioner, the Court finds that a reasonable hourly rate for legal work performed in Oklahoma in 2013 was $187.00 and for legal work performed in 2014 is $188.00. See Doc. 17-2.

(4) if additional legal fees should be subsequently authorized under title 42, section 406(b) of the United States Code and awarded to Booth's counsel of record, ORDERS counsel, if having received the fees awarded herein, to refund the smaller award to Booth pursuant to, and as required by, the decision of the United States Court of Appeals for the Tenth Circuit in Weakley v. Bowen, 803 F.2d 575 (10th Cir. 1986)(to prevent double payment of fees for same work under both statutes, smaller amount given to client).

ENTERED this 23rd day of September, 2014.

*[signature]*
LEE R. WEST
UNITED STATES DISTRICT JUDGE